IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PHILIP M. MOSIER,

    Plaintiff,

v.                                    CASE NO. 5:13-cv-55-SPM-GRJ

TIM ELLINOR, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court on Doc. 1, Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C § 1983 ("complaint"). Plaintiff, currently incarcerated at the Calhoun Correctional Institution, has been granted leave to proceed as a pauper by separate order. (Doc. 4.) This case is before the Court for screening pursuant to 28 U.S.C. § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). For the reasons discussed below, it is **RECOMMENDED** that the case be **DISMISSED** for failure to state a claim upon which relief may be granted.

### **Plaintiff's Allegations**

Plaintiff names three Defendants in this case: Tim Ellinor, Classification Officer; Charles F. Bailey, Lieutenant; and Michael D. Crews, Secretary of the Florida Department of Corrections. Plaintiff's claims stem from an incident on October 2, 2012,

in which correctional officers conducted a search of Plaintiff's dorm at the prison. Plaintiff alleges that Officer Savell—not a named defendant—discovered a cell phone hidden behind the toilet paper fixture in Plaintiff's room. Plaintiff received a disciplinary report for possession of the cell phone on October 5, 2012. Plaintiff asserts that he requested an "electronic analyst" and a "fingerprint analyst" to examine the phone, and requested a lie detector test to confirm his assertion that the phone was planted in his room. These requests were denied.

On October 9, 2012, Defendants Ellinor and Bailey conducted a disciplinary report hearing. Plaintiff was sentenced to 60 days in disciplinary confinement. Plaintiff alleges that Defendant Ellinor stated that "As long as we don't take your gain-time, you can't challenge anything in court." (Doc. 1, at 8.) Plaintiff asserts that he filed a grievance related to his disciplinary report, but that when he appealed the denial of his grievance, he did not receive a reply. Plaintiff also asserts that he attempted to file a grievance directly with the Secretary of the Department of Corrections, but did not receive a reply.

Plaintiff claims that Defendants violated his Fourteenth Amendment right to due process by "pre-determining" his guilt "without first giving him an opportunity to be heard," and by finding him guilty "without the support of some evidence." (Doc. 1, at 11, 13.) Plaintiff also claims that Defendants violated his First Amendment right of access to the courts, because they refused to sentence him to a loss of gain time. Plaintiff claims that Defendants deliberately gave him a more lenient sentence in order to keep him from being able to challenge the sentence. Plaintiff seeks injunctive and declaratory relief, as well as compensatory and punitive damages.

## **Standard of Review**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

**Discussion**

***Fourteenth Amendment claims***

In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." When a constitutionally protected liberty interest is implicated, the inmate is entitled to: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539 564-66 (1974). The factfinder's decision need only be supported by "some evidence." *Superintendent, Mass. Correctional Inst. v. Hill*, 474 U.S. 445, 455-56 (1985).

Here, because Plaintiff was not sentenced to a loss of gain time, the disciplinary sanction does not "have the effect of altering the inmate's term of imprisonment." *Sandin*, 515 U.S. at 484. And in *Sandin*, the Supreme Court held that there was no state-created liberty interest in being free from disciplinary confinement for 30 days because such confinement did not present an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The Court made this finding after it compared the evidence of the treatment of inmates in

disciplinary and administrative segregation and found that the conditions in the one "mirrored those conditions" in the other. *Id.* at 486. In this case, Plaintiff makes no allegation that his confinement in disciplinary segregation amounted to an "atypical and significant hardship." The Court finds that because Plaintiff had no liberty interest in being free from disciplinary confinement, the due process clause is not implicated.

For these reasons, Plaintiff has failed to state any cognizable claims for procedural due process violations. Under these circumstances, the Court finds that amendment of the Complaint with respect to the Fourteenth Amendment claims would be futile. Accordingly, Plaintiff's Fourteenth Amendment claims against Defendants should be dismissed.

### *First Amendment claim*

Plaintiff claims that Defendants violated his First Amendment right to access the courts by sentencing him to disciplinary confinement, rather than to loss of gain time. By making this argument, Plaintiff appears to recognize that he is unable to bring a procedural due process claim because he does not have a liberty interest in remaining free from disciplinary confinement. Plaintiff alleges that Defendants chose his sentence with the intent to prevent him from bringing due process claims related to the disciplinary hearing.

Plaintiff's First Amendment claim is frivolous. Essentially, Plaintiff appears to wish for a more punitive sentence so that he could have the opportunity to challenge it. Such an argument is akin to a criminal defendant who would prefer to be indicted for felony rather than a misdemeanor, because the felony charge might present greater opportunities for legal challenge down the road. Plaintiff has not made a good-faith

argument that *Sandin* and its progeny—now well-established federal law—is incorrect or should be changed. Under these circumstances, the Court finds that amendment of the Complaint with respect to the First Amendment claim would be futile. Accordingly, Plaintiff's First Amendment claims against Defendants should be dismissed.

## Conclusion

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 21st day of March 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**